UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| T.B., a minor, by and through her parent, Jennifer Blankenship, | : : : |
| Plaintiff, | : Case No. 3:21-cv-256 : |
| v. | : Judge Thomas M. Rose : : |
| MAD RIVER CITY SCHOOL DISTRICT BOARD OF EDUCATION, CHAD WYEN, JULIA DENNING, RUTH NEWHOUSE, SCOTT HUDDLE, CHRISTINA PICKLE, and MARILYN STEINER, | : : : : : : |
| Defendants. | : : |

**ENTRY AND ORDER DISMISSING THIS ACTION WITHOUT PREJUDICE
TO REFILING BY AN ATTORNEY**

This is a *pro se* action brought by a parent on behalf of her minor child, with five claims: (1) "42 U.S.C. § 1983 – Violation of Procedural Due Process (5th and 14th Amendments)"; (2) "42 U.S.C. § 1983 – Violation of Substantive Due Process (Fourteenth Amendment)"; (3) "Violation of Procedural Due Process (OH Const. Art. 1, § 16)"; (4) "Violation of Substantive Due Process (OH Const. Art. I, § 16)"; and (5) "Violation of Ohio Constitution Article 1 Section 21." (Doc. No. 1.) The action seeks, among other relief, a temporary restraining order. (Doc. No. 1 at PageID 27; Doc. No. 2 (pending motion for an "*Ex Parte*" temporary restraining order).) The action is at the very early stages of litigation. The parent filed the complaint on September 20, 2021. (Doc. 1.)

As filed, this case is barred. The Sixth Circuit has explained that, "[a]lthough 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own

1

cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Thus, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Id.* at 970-71; *see also Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) (in case against school district and administrators for alleged 42 U.S.C. § 1983 claims, explaining that "[t]he district court properly ruled that the [parents] cannot litigate *pro se* on behalf of [their minor child]" because "[n]on-attorney parents cannot litigate *pro se* on behalf of their minor children, even if the minors cannot then bring the claim themselves"). "The rule against non-lawyer representation protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015); *see also Grappell v. Carvalho*, 847 F. App'x 698, 701 (11th Cir. 2021) (the rule "helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents") (internal quotation marks omitted); *Adams v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011) ("[t]he general rule prohibiting a non-attorney parent from representing his or her minor child in federal court is designed to protect the interests of the minor party; in addition, it jealously guards the judiciary's authority to govern those who practice in its courtrooms").

All of the claims in this action are brought, *pro se*, by a non-attorney parent on behalf of her minor child. (Doc. 1 at PageID 1.) In such a situation, dismissal without prejudice is proper. *Moses v. Gardner*, No. 15-5971, 2016 WL 9445913, at *1 (6th Cir. May 24, 2016) ("[p]arents cannot appear pro se on behalf of their minor children … [t]hus the district court should have dismissed [the minor son's claims] without prejudice") (internal quotation marks and citation

omitted); *Grappell*, 847 F. App'x at 701 (holding that the district court should have dismissed the claims purported to be brought by a non-attorney parent on behalf of her minor son); *McCoy v. Akron Police Dept.*, No. 5:21-cv-51, 2021 WL 1857119, at * 1 (N.D. Ohio May 10, 2021) (parents may not "bring claims on behalf of their children unless they are represented by an attorney" and, because the parents here "are not represented by an attorney at this time, the complaint will be dismissed without prejudice to the extent it is brought on behalf of minor children").

Therefore, the Court dismisses this action, without prejudice to the action or any of its claims being refiled by an attorney. *Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 1998), *overruled on other grounds by Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007) (courts have a duty to enforce the prohibition on parents appearing *pro se* on behalf of their minor children "*sua sponte*, for the infant is always the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done to him") (internal quotation marks omitted).[1]  If the action (or any of the minor's claims in the action) is refiled by an attorney, then the Court may consider a request to waive a filing fee (if applicable), but the attorney would need to cite authority for granting a request for such a waiver. As filed, this action—which includes a pending request for a temporary restraining order—cannot proceed.  The Court emphasizes that this order does not constitute a decision on the merits of the claims.

The Court **ORDERS** that:

1. The case is **DISMISSED WITHOUT PREJUDICE** to the action or any of its

---

[1] Some courts characterize the issue here as one involving standing.  *See, e.g., Adams*, 659 F.3d at 1299 (before reaching the merits, "we must satisfy ourselves that Ms. Adams [a non-attorney parent proceeding pro se on behalf of her minor child] has standing"); *Sanders v. Palmer*, No. 09-10847, 2010 WL 1286473, at *4 (E.D. Mich. Mar. 31, 2010) ("it is nevertheless evident that in these counts, Plaintiffs attempt to assert constitutional rights on behalf of the children," but "[t]hey have no standing to do so, because as noted above, the Sixth Circuit has held that 'parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative'") (quoting *Shepherd*, 313 F.3d at 970).

4

claims being refiled by an attorney;

2. The Motion for Temporary Restraining Order (Doc. No. 2) is **DENIED AS MOOT**; and,

3. The above-captioned case is **TERMINATED** on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, September 23, 2021.

s/Thomas M. Rose
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE